**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Michelle Zavala and Maria Zavala, on behalf of themselves and all other similarly situated persons, known and unknown, Plaintiffs,
v.
Optimum Granite & Marble, Inc., and Denis Bahic, individually, Defendants.

## **COMPLAINT**

NOW COME Michelle Zavala and Maria Zavala, on behalf of themselves and all other similarly situated persons, known and unknown ("Plaintiffs"), through counsel, and for their Complaint against Optimum Granite & Marble, Inc., and Denis Bahic, individually, (collectively, "Defendants"), states:

## **INTRODUCTION**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiffs and other similarly situated employees at least the Illinois mandated minimum wage rate and overtime wages for hours worked in excess of forty (40) hours in a week. Plaintiffs also seek redress under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/4 ("IWPCA"), for Defendants' failure to compensate them for all hours worked.

2. Defendants' unlawful compensation practices have denied Plaintiffs and other similarly situated persons their earned and living wages.

3. Plaintiffs bring Counts I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b).  Supplemental jurisdiction over Plaintiffs' Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiffs' claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiffs' claims occurred within this judicial district.

## THE PARTIES

### Plaintiffs

6. Plaintiffs reside in and are domiciled in Cook County, Illinois, and were employed by Defendants in Kane County, Illinois, which are in this judicial district.

7. Defendants operate a marble and granite business called "Optimum Granite & Marble, Inc.", located at 735 Schneider Dr., #4, South Elgin, IL 60177.

8. Within the relevant period of time, Plaintiffs worked at Defendants' South Elgin granite and marble business.

9. During the course of their employment, Plaintiffs were involved in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq*., the IMWL, 820 ILCS 105/1 *et seq*., and the IWPCA, 820 ILCS §115/1 *et seq*.

**Defendants**

10. Defendant Optimum Granite & Marble, Inc. is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant Optimum Granite & Marble, Inc. has had two (2) or more employees involved in interstate commerce.

12. Defendant Optimum Granite & Marble, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

13. Defendant Denis Bahic is the President of Optimum Granite & Marble, Inc. and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Denis Bahic was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Upon information and belief, Defendant Denis Bahic resides and is domiciled in this judicial district.

**FACTS**

16. Plaintiffs worked for Defendants as receptionists and sales representatives at Defendants' business known as "Optimum Marble & Granite, Inc."

17. Plaintiffs regularly worked in excess of forty (40) hours per week and were not compensated at time and a half their hourly rate for all hours worked in excess of forty (40) hours in a workweek.

18. Plaintiffs were paid $15.00 per hour.

19. Plaintiffs worked over forty (40) hours or more as directed by Defendants, but were not paid proper overtime wages for time worked in excess of forty (40) hours.

20. Defendants did not pay Plaintiff Michelle Zavala for her last two (2) weeks of employment, failing to compensate her for all hours worked at the rate agreed to by the parties.

21. Plaintiffs were not exempt from the overtime provisions of the FLSA and the IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

22. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

23. Plaintiffs and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

24. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

25. Defendants did not compensate Plaintiffs or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

26. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

27. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A.  Determine that this action may be maintained as a collective action pursuant to the FLSA.

B.  Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C.  Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D.  Declare Defendants to be in violation of the FLSA;

E.  Enjoin Defendants from violating the FLSA;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages

28. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

29. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendants directed Plaintiffs to work, and Plaintiffs did work in excess of forty (40) hours in individual work weeks.

31. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

32. Plaintiffs and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

33. Defendants did not pay Plaintiffs, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34. Defendants violated the IMWL by failing to pay Plaintiffs, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

35. Pursuant to 820 ILCS 105/12(a), Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE IWPCA
### *Plaintiff Michelle Zavala as to all Defendants*

36. Plaintiff Michelle Zavala re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

37. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiff Michelle Zavala all wages earned during all time worked for Defendant at the rate agreed to by the parties.

38. During the course of her employment with Defendants, Plaintiff Michelle Zavala had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

39. In one or more individual work weeks, Defendants did not pay Plaintiff Michelle Zavala and other similarly situated employees for all hours worked at the rates agreed to by the parties.

6

40. Instead, Defendants failed to compensate Plaintiff Michelle Zavala for her last two (2) weeks of employment.

41. Plaintiff Michelle Zavala was entitled to be compensated for all time worked as agreed between the Plaintiff and Defendants.

42. Plaintiff Michelle Zavala is entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

43. Defendants' failure to pay Plaintiff Michelle Zavala for all time worked violated the IWPCA.

WHEREFORE, Plaintiff Michelle Zavala respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiff as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,

s/ Raisa Alicea
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
(312) 800-1017
ralicea@yourclg.com